UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK C MONROE,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF TACOMA,<br><br>    Defendants. | CASE NO. C13-5593 RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO EXTEND TIME |

This matter comes before the court on Plaintiff's Motion Pursuant to FRCP 6(b) to Extend Time for Plaintiff's Response to Pierce County Defendants' Motion for Dismissal. Dkt. 27. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

*Complaint*. On July 19, 2013, plaintiff Mark Monroe filed a civil action against the City of Tacoma, Tacoma Police Officer S. Butts, Tacoma Police Officer Koehnke, and Tacoma Police Officer Johnson; County of Pierce and Judy Snow; Telecare Mental Health Services, Jennifer Drake, and Myra Pauli; and John and/or Jane Doe, Numbers 1 through 20. Dkt. 1.

Although defendant Johnson is identified in the complaint as a Tacoma Police Officer, counsel for Pierce County and Judy Snow represents that defendant Johnson is a Pierce County Deputy Sheriff, not a City of Tacoma Police Officer. Plaintiff does not contest this.

*Pierce County Defendants' Motion to Dismiss*. On December 6, 2013, Pierce County, Judy Snow, and Deputy Johnson (the Pierce County defendants) filed a motion to dismiss, contending that (1) the Pierce County defendants should be dismissed from this suit because plaintiff has not accomplished service of process; (2) this action should be dismissed as barred by the statute of limitations; (3) plaintiff's state law claims should be dismissed because plaintiff did not file a tort claim with Pierce County, as required by RCW 4.96.090, before filing this lawsuit; (4) the Section 1983 claims against Pierce County should be dismissed because plaintiff failed to plead any evidence of a policy or custom that would support imposition of liability upon Pierce County; (5) the claim against Judy Snow should be dismissed because plaintiff failed to plead any evidence of supervisory involvement that would support imposition of liability upon Ms. Snow; (6) the Fourteenth Amendment claim should be dismissed cause the Fourth Amendment affords protection that plaintiff alleges was violated; and (7) the claim for malicious prosecution should be dismissed because there was a finding or probable cause, followed by dismissal of the charges because of mental health concerns of plaintiff. Dkt. 15, at 2-3.

On December 30, 2013, plaintiff filed a response, contending that there is a genuine issue of material fact as to whether Pierce County has been properly served and that plaintiff has good cause for an extension of time to properly serve Pierce County; and the complaint was timely filed because the statute of limitations was tolled until July 19, 2010 when plaintiff was released from involuntary commitment at Telecare. Dkt. 24. Alternatively, plaintiff requests a 30 day

continuance pursuant to Fed.R.Civ.P. 56(d) to obtain evidence about whether the Pierce County Executive Officer was personally served. Dkt. 24, at 5.

On January 2, 2014, the Pierce County defendants filed a reply, arguing that plaintiff had failed to serve any of the Pierce County defendants within 120 days of filing the complaint, as is required by Fed.R.Civ.P. 4(m); that plaintiff has not articulated good cause for his failure to properly serve the Pierce County defendants; that plaintiff's request for an extension of 30 days to conduct additional discovery should be denied because the federal rules to not authorize a party opposing a motion under Fed.R.Civ.P. 12(b)(6) to delay resolution of the motion on grounds that additional discovery is necessary; and that plaintiff's failure to respond to any of the substantive claims raised in the Pierce County defendants' motion to dismiss should be considered a concession that the claims have merit, warranting dismissal of the case against them. Dkt. 26.

*Telecare's Motion to Dismiss.* On December 31, 2013, Telecare Mental Health Services of Washington, Jennifer Drake and Myra Paull filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6), arguing that the case should be dismissed because plaintiff failed to serve these defendants and has not shown good cause for failing to serve them within 120 days; that plaintiff has not identified a policy custom, or act or omission that caused him constitutional harm; that plaintiff's Section 1983 claims against Ms. Drake and Ms. Paull should be dismissed because plaintiff fails to identify any act of deliberate indifference toward his medical or mental health needs; and that plaintiff's false arrest/false imprisonment claims against Ms. Drake and Ms. Paull should be dismissed as barred by the statute of limitations. Dkt. 25. The motion is noted for January 24, 2014.

<u>MOTION TO EXTEND TIME</u>

1   On January 2, 2014, after the Pierce County defendants' reply to the motion to dismiss

2   had been filed, plaintiff filed a motion pursuant to Fed.R.Civ.P. 6(b) to extend time for plaintiff's

3   response to the Pierce County defendants' motion to dismiss. Dkt. 27. Plaintiff requests that the

4   court renote the Pierce County defendants' motion to dismiss for January 24, 2014, the same day

5   that the Telecare defendants' motion to dismiss is noted; and permit plaintiff an opportunity to

6   file a supplemental response to the Pierce County defendants' motion to dismiss.

7   On January 4, 2014, the Pierce County defendants filed a response, stating that they do

8   not oppose renoting of their motion to dismiss to January 24, 2014, but they oppose plaintiff's

9   request to file additional materials regarding the Pierce County defendants' motion to dismiss.

10  Dkt. 31.

11  This case is at its early stages, but it is rapidly becoming a procedural morass. Plaintiff

12  apparently believes that, because the Pierce County defendants relied on materials outside the

13  pleadings, the Pierce County defendants' motion to dismiss should be converted to a motion for

14  summary judgment, pursuant to Fed.R.Civ.P.12(d). That is not correct. A court may take

15  judicial notice of matters of public record without converting a motion to dismiss into a motion

16  for summary judgment. A court may properly look beyond the complaint to matters of public

17  record and doing so does not convert a Rule 12(b)(6) motion to one of summary judgment.

18  *Gemtel Cor. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544, n. 1 (9th Cir. 1994);

19  *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). This motion is, and

20  remains, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6).

21  Plaintiff filed this motion, requesting an additional opportunity to respond to the Pierce

22  County defendants' motion to dismiss, after the reply had been filed. The motion is, therefore,

23  untimely. Plaintiff's counsel stated that this motion to dismiss was filed, and his response

24

ORDER ON PLAINTIFF'S MOTION TO EXTEND
TIME- 4

required, during the holiday season; and that he had difficulty contacting his client and the process server to obtain information and declarations in order to respond fully to the Pierce County defendants' motion. Nothing prevented plaintiff from requesting additional time before the Pierce County defendants filed their reply. However, in order to resolve the issues on the merits, the court will, this one time, overlook the untimeliness of plaintiff's motion for extension of time and afford him the opportunity to file a concise supplemental response to the Pierce County defendants' motion to dismiss. In the future, plaintiff is expected to follow the relevant rules of procedure, so that this case proceeds in an orderly and efficient manner.

Accordingly, Plaintiff's Motion Pursuant to FRCP 6(b) to Extend Time for Plaintiff's Response to Pierce County Defendants' Motion for Dismissal (Dkt. 27) is **GRANTED**. The Pierce County Defendants' Motion for Dismissal Pursuant to FRCP 12(b)(5) and FRCP 12(b)(6)(Dkt. 15) is **RENOTED** for consideration on the court's January 24, 2014 calendar. Not later than January 24, 2014, plaintiff may file a supplemental response, limited to five pages, to the Pierce County defendants' motion for dismissal. The Pierce County defendants may file a supplemental reply, limited to five pages, not later than January 24, 2014.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of January, 2014.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge