1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MARK C MONROE,

CASE NO. C13-5593 RJB

Plaintiff,

12

ORDER ON TELECARE
DEFENDANTS' MOTION FOR
DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)

v.

13

TACOMA POLICE OFFICER S.
BUTTS; TACOMA POLICE OFFICER
KOEHNKE; TACOMA POLICE
OFFICER JOHNSON; COUNTY OF
PIERCE; JUDY SNOW; TELECARE
MENTAL HEALTH SERVICES OF
WASHINGTON, INC.; JENNIFER
DRAKE; MYRA L. PAULL; AND JOHN
AND/OR JANES DOE, NUMBERS 1
THROUGH 20,

14

15

16

17

18

19

Defendant.

20

This matter comes before the court on Telecare Defendants' Motion for Dismissal

21

Pursuant to FRCP 12(b)(5) and FRCP 12(b)(6) (Dkt. 25). The court has considered the relevant

22

documents and the remainder of the file herein.

23

24

1

PROCEDURAL HISTORY

2

*Complaint*

3        On July 19, 2013, plaintiff Mark Monroe filed a civil action against the City of Tacoma,

4   Tacoma Police Officer S. Butts, Tacoma Police Officer Koehnke (City of Tacoma defendants);

5   County of Pierce,  Deputy Johnson and Judy Snow (Pierce County defendants); Telecare Mental

6   Health Services, Jennifer Drake, Myra Paull (Telecare defendants); and John and/or Jane Doe,

7   Numbers 1 through 20.  Dkt. 1.  The court notes that Deputy Johnson was named in the

8   complaint as a City of Tacoma police officer.  Counsel for Pierce County defendants stated that

9   Deputy Johnson is a Pierce County Deputy.  Dkt. 18 at 3.  Plaintiff does not contest this

10  assertion.  As a result, Deputy Johnson is included as a Pierce County defendant.

11        The complaint alleges the following causes of action: (1) false arrest/excessive force, in

12  violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983; (2) false imprisonment, in

13  violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; (3) malicious

14  prosecution, in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. §

15  1983; (4) cruel and unusual punishment, in violation of the Eighth Amendment, pursuant to 42

16  U.S.C. § 1983; (5) municipal liability against the City of Tacoma and Pierce County; (6) liability

17  against Telecare, as a state actor, for failure to train and failure to supervise; (7) assault and

18  battery against S. Butts, Koehnke, and Johnson, and against Pierce County on the basis of

19  *respondeat superior*; (8) false arrest/false imprisonment against defendants, with liability against

20  the City of Tacoma, Pierce County, and Telecare based upon *respondeat superior*;  and (9)

21  malicious prosecution against defendants, with liability against the City of Tacoma, Pierce

22  County, and Telecare based upon *respondeat superior*.  Dkt. 1.

23

24

1  *Motion to Dismiss*

2      On December 31, 2013, Telecare defendants filed this motion to dismiss pursuant to

3  FRCP 12(b)(5) and 12(b)(6).  Dkt. 25.  Telecare defendants argue that (1) Jennifer Drake and

4  Myra Paull were never personally served; (2) the plaintiff failed to allege a Telecare policy or

5  custom that caused constitutional violations against the plaintiff; (3) the plaintiff failed to allege

6  that the plaintiff had a serious medical need, that Jennifer Drake and Myra Paull were

7  deliberately indifferent to that need, and that such indifference resulted in harm against the

8  plaintiff; and (4) the plaintiffs failed to allege specific facts regarding the false imprisonment

9  cause of action.  Dkt. 25.  It appears that Telecare defendants are not contesting the service on

10  Telecare as a corporation.

11      On January 21, 2014, plaintiff responded to the motion to dismiss, requesting that this

12  court give him a 30 day extension to properly serve the remaining defendants.  Plaintiff argues

13  that such request is supported by good cause, and that the three year statute of limitations had not

14  run.  Dkt. 37.  Plaintiff did not address issues raised by Telecare defendants regarding absence of

15  a policy or custom, or that insufficient facts were pled to show that Ms. Drake and Ms. Paull

16  acted with deliberate indifference.

17      Telecare defendants replied on January 24, 2014, arguing that plaintiff's allegations fail

18  to identify what Ms. Paull or Ms. Drake did to violate plaintiff's constitutional rights, and a

19  policy, practice, or custom that caused plaintiff constitutional harm.  Dkt. 40.  In addition,

20  Telecare defendants claim that plaintiff's false arrest and imprisonment causes of action cannot

21  be proven under a theory of *respondeat superior* and that plaintiff failed to show good cause for

22  failure to timely serve.  Dkt. 40.

23

24

DISCUSSION

**1. Service of Process**

On November 15, 2013, the plaintiff served "CT Corporation," by serving Michele Rowe on November 15 [no year].  Dkt. 20, at 2.  Telecare defendants do not dispute proper service upon Telecare as a corporation.  Dkt. 25 at 2.  However, to date there is no proof of service to either of the individually named Telecare defendants: Myra Paull and Jennifer Drake.

Fed.R.Civ.P. 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient.  *See* Fed.R.Civ.P. 12(b)(5).  A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4; *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

To determine whether service of process is proper, the court looks to the requirements of Fed.R.Civ.P. 4.  Under Fed.R.Civ.P. 4(e), a plaintiff must serve an individual by following state law or by: (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent, by appointment or by law, to receive service of process.  Under Washington law, proper service in a suit against an individual person is made on the defendant personally, or by leaving a copy of the summons at "the house of his or her usual abode" with some person of suitable age and discretion then resident therein.  RCW 4.28.080(15).

If proper service under Fed.R.Civ.P. 4 is not accomplished within 120 days after the complaint is filed and the serving party cannot show good cause why such service was not made, the action must be dismissed.  *See* Fed.R.Civ.P. 4(j); *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987).  Further, the burden is on the plaintiff to establish the validity of service or to create an issue

of fact requiring an evidentiary hearing. *See Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

However, if a plaintiff fails to properly serve defendants within 120 days and the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m); *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001).  Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).  In addition, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

The court can also extend plaintiff's time to serve by the exercise of discretion: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.  *In re Sheehan,* 253 F.3d 507, 512, 514 (9th Cir.2001).  The court may consider factors like "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007); *see also United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.,* 366 F.3d 767, 773 (9th Cir. 2004).

This case was filed on July 19, 2013.  As of November 16, 2013, 120 days had passed and neither Jennifer Drake nor Myra Paull had been properly served.  Plaintiff requests a finding of good cause based on counsel's unsuccessful attempts to find the necessary addresses and Telecare defendants' "refus[al] to waive service."  Dkt. 37 at 4–5.  Plaintiff did not provide the court with any description of the number or nature of attempts to collect the necessary information.  In addition, plaintiff did not include a copy of the waiver request and there is not sufficient information in the

1   plaintiff's declaration (Dkt. 38) to show that the request met the requirements of Fed. R. Civ. P.

2   4(d)(1):

3           (**A**) be in writing and be addressed:
                    (**i**) to the individual defendant; or
4                   (**ii**) for a defendant subject to service under Rule 4(h), to an officer, a managing or
                    general agent, or any other agent authorized by appointment or by law to receive
5                   service of process;
        (**B**) name the court where the complaint was filed;
6       (**C**) be accompanied by a copy of the complaint, two copies of a waiver form, and a
        prepaid means for returning the form;
7       (**D**) inform the defendant, using text prescribed in Form 5, of the consequences of
        waiving and not waiving service;
8       (**E**) state the date when the request is sent;
        (**F**) give the defendant a reasonable time of at least 30 days after the request was sent--or
9       at least 60 days if sent to the defendant outside any judicial district of the United States--
        to return the waiver; and
10      (**G**) be sent by first-class mail or other reliable means.

11  Plaintiff has not met his burden to demonstrate good cause for failure to timely serve.

12          In the alternative, plaintiff requests a 30-day extension to properly serve Drake and Paull

13  based on the court's discretion because: (1) dismissal would result in the statute of limitations

14  running, thus barring the possibility of refiling; (2) defendants would not be prejudiced by service 90

15  days after the deadline; (3) defendants have actual notice of the lawsuit because counsel appeared on

16  Telecare defendants' behalf; and (4) only individual defendants have not been served.

17          It is true that dismissal may result in the statute of limitations barring the possibility of

18  refiling this case.  However, defendants would be prejudiced by delayed service because the statute

19  of limitations would have run before such service was made.  Plaintiff's only excuse for failing

20  to serve was that he "attempted," but was unsuccessful for unknown reasons.  Plaintiff does not

21  provide a number of times or list the dates upon which he attempted service.  In addition,

22  plaintiff does not describe what he did to attempt service.

23          The defendants may have had actual notice, but there is no showing in fact that there was

24  actual notice.  The appearance of counsel does not weigh in favor of a discretionary extension.

ORDER ON TELECARE DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)- 6

1    Counsel for Telecare, Ms. Drake, and Ms. Paull appeared on December 2, 2013, but such appearance

2    preserved waiver of any defense, specifically any issues with serving Ms. Drake and Ms. Paull.  Dkt.

3    10, 11.  In addition, plaintiff's argument that "only" individual defendants remain unserved is not

4    persuasive.  The service requirement applies equally to corporations and individuals.  *See* Fed. R.

5    Civ. P. 4.  Telecare's lack of objections to the corporate service does not affect the service

6    requirement for Ms. Drake and Ms. Paull as individuals.

7         The plaintiff has not met his burden to show excusable neglect which would justify the

8    discretional extension of the service deadline.  Although this may result in a statute of limitations

9    bar to the plaintiff's cause of action, such harsh consequences follow from the law and the facts

10   presented to the court.

11        **2. FRCP 12(b)(6) Motion to Dismiss**

12   *FRCP 12(b)(6) Standard*

13        Fed.R.Civ.P. 8(a)(2) provides that a pleading must contain a "short and plain statement of

14   the claim showing that the pleader is entitled to relief."  Under Fed.R.Civ.P. 12(b)(6), a

15   complaint may be dismissed for "failure to state a claim upon which relief can be granted."

16   Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the

17   absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police*

18   *Department*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint attacked by a Rule 12(b)(6)

19   motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

20   grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

21   recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550

22   U.S. 544, 555 (2007) (*internal citations omitted*).

23        Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient

24   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

1  *v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility"

2  when the party seeking relief "pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged."  *Id*.  First, "a court considering

4  a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

5  than conclusions, are not entitled to the assumption of truth."  *Id.*, at 1950.  Secondly, "[w]hen

6  there are well-pleaded factual allegations, a court should assume their veracity and then

7  determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "In sum, for a

8  complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable

9  inferences from that content must be plausibly suggestive of a claim entitling the pleader to

10  relief."  *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

11      If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

12  should be afforded the opportunity to amend the complaint before dismissal.  *Keniston v.*

13  *Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory,

14  the claim should be dismissed.  *Id.*  "Dismissal without leave to amend is improper unless it is

15  clear, upon de novo review, that the complaint could not be saved by any amendment."  *Moss v.*

16  *U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

17  *42 U.S.C. § 1983 Policy or Custom*

18      42 U.S.C. § 1983 is a procedural device for enforcing constitutional provisions and

19  federal statutes; the section does not create or afford substantive rights.  *Crumpton v. Gates*, 947

20  F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under 42 U.S.C. § 1983, a complaint must

21  allege that (1) the conduct complained of was committed by a person acting under color of state law,

22  and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the

23  Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

24  *other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to

1  remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d

2  1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

3      In addition, a municipality may only be held liable for constitutional violations when they

4  occur as a result of the government's official "policy or custom."  *Monell v. Dep't of Soc. Servs.*, 436

5  U.S. 658, 694 (1978); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).  Moreover, a "plaintiff

6  cannot establish the existence of a municipal policy or custom based solely on the occurrence of a

7  single incident or unconstitutional action by a non-policymaking employee."  *Monell*, 436 U.S. at

8  694.  A plaintiff must also demonstrate that the municipality was the "moving force" behind the

9  plaintiff's injury.  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).  This

10  requires proof that the municipality acted "with the requisite degree of culpability," showing "a direct

11  casual link between the municipal action and the deprivation of federal rights."  *Id.*

12      Plaintiff has not identified a Telecare policy or custom that harmed the plaintiff

13  constitutionally.  In the complaint, plaintiff generally alleged that he was placed in solitary

14  confinement, given medication against his consent, and denied access to adequate medical care.  Dkt.

15  1.  Nowhere does plaintiff contend it was Telecare's policy to unconstitutionally do any of those acts.

16  In his response to the motion to dismiss, plaintiff contends that the complaint "alleges that Telecare is

17  a state actor for purposes of 42 U.S.C. § 1983," and requests leave to amend the complaint.  Dkt. 37

18  at 7.  Telecare does not dispute that it acted under color of state law.  *See* Dkt. 25.  For purposes of

19  this motion, the court assumes that Telecare was acting under color of state law.  That fact does not

20  absolve the plaintiff's burden to allege a policy or custom.  Therefore, the plaintiff has failed to state

21  a claim upon which relief can be granted.  The court will allow leave for the plaintiff to amend the

22  complaint not later than February 12, 2014.

23  *Deliberate Indifference to Plaintiff's Medical Needs*

24

1    Telecare defendants also argued that the motion to dismiss should be granted in regards to the

2    unreasonable medical care claims against Ms. Drake and Ms. Paull.  Because the court does not have

3    jurisdiction over those two defendants, it does not reach the merits of that argument.

4    *State Claim of False Arrest or False Imprisonment*

5          To the extent that plaintiff asserts a false arrest or false imprisonment cause of action against

6    Telecare under state law (eighth cause of action), that cause of action is barred by the state statute of

7    limitations.  Under RCW 4.16.100, false imprisonment claims are governed by a two year statute of

8    limitations.  In addition, false arrest claims fall under the two year, rather than the three year catchall

9    statute of limitations.  *Heckart v. City of Yakima*, 708 P.2d 407 (1985).

10         Plaintiff filed this cause of action on July 19, 2013 and he admits that the statute of

11   limitations began to run no later than when plaintiff was released from Telecare on July 19, 2010.

12   Therefore the statute of limitations ran on July 19, 2012 at the latest, in regards to the state cause of

13   action of false arrest or false imprisonment.

14         Accordingly, it is hereby **ORDERED** that:

15   1.   This case **IS DISMISSED** as to defendants Jennifer Drake, and Myra J. Paull only.

16   2.   Plaintiff is **GRANTED** a 14 day opportunity to amend the complaint, due no later

17        than February 12, 2014.  Failure to file an amended complaint on or before that date

18        will result in dismissal of all causes of action as to defendant Telecare.

19   3.   Cause of action 8 is **DISMISSED** as to Telecare, Myra Paull, and Jennifer Drake.

20   /

21   /

22   /

23   /

24

ORDER ON TELECARE DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)- 10

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing *pro se* at said party's last known address.

3    Dated this 30th day of January, 2014.

4

5    ROBERT J. BRYAN
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON TELECARE DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)- 11