UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK C. MONROE,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF TACOMA; TACOMA POLICE OFFICER S. BUTTS; TACOMA POLICE OFFICER KOEHNKE; TACOMA POLICE OFFICER JOHNSON; COUNTY OF PIERCE; JUDY SNOW; TELECARE MENTAL HEALTH SERVICES OF WASHINGTON, INC.; JENNIFER DRAKE; MYRA L. PAULL; AND JOHN AND/OR JANES DOE, NUMBERS 1 THROUGH 20<br><br>    Defendants. | CASE NO. C13-5593 RJB<br><br>ORDER ON PIERCE COUNTY DEFENDANTS' MOTION FOR DISMISSAL PURSUANT TO FRCP 12(B)(5) AND FRCP 12(B)(6) |

  This matter comes before the court on Pierce County Defendants' Motion for Dismissal Pursuant to FRCP 12(b)(5). The court has considered the relevant documents and the remainder of the file herein.

ORDER ON PIERCE COUNTY DEFENDANTS' MOTION FOR DISMISSAL PURSUANT TO FRCP 12(B)(5) AND FRCP 12(B)(6)- 1

## PROCEDURAL HISTORY

*Complaint*

On July 19, 2013, plaintiff Mark Monroe filed a civil action against the City of Tacoma, Tacoma Police Officer S. Butts, Tacoma Police Officer Koehnke (City of Tacoma defendants); County of Pierce, Deputy Johnson and Judy Snow (Pierce County defendants); Telecare Mental Health Services, Jennifer Drake, Myra Paull (Telecare defendants); and John and/or Jane Doe, Numbers 1 through 20. Dkt. 1. The court notes that Deputy Johnson was named in the complaint as a City of Tacoma police officer. Counsel for Pierce County defendants stated that Deputy Johnson is a Pierce County Deputy. Dkt. 18 at 3. Plaintiff does not contest this assertion. As a result, Deputy Johnson is included as a Pierce County defendant.

The complaint alleges the following causes of action: (1) false arrest/excessive force, in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983; (2) false imprisonment, in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; (3) malicious prosecution, in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (4) cruel and unusual punishment, in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983; (5) municipal liability against the City of Tacoma and Pierce County; (6) liability against Telecare, as a state actor, for failure to train and failure to supervise; (7) assault and battery against S. Butts, Koehnke, and Johnson, and against Pierce County on the basis of *respondeat superior*; (8) false arrest/false imprisonment against defendants, with liability against the City of Tacoma, Pierce County, and Telecare based upon *respondeat superior*; and (9) malicious prosecution against defendants, with liability against the City of Tacoma, Pierce County, and Telecare based upon *respondeat superior*. Dkt. 1.

*Motion to Dismiss*

On December 6, 2013, the Pierce County defendants filed this motion to dismiss, contending that (1) the Pierce County defendants should be dismissed from this suit because plaintiff has not accomplished service of process; (2) this action should be dismissed as barred by the statute of limitations; (3) plaintiff's state law claims should be dismissed because plaintiff did not file a tort claim with Pierce County before filing this lawsuit, as required by RCW 4.96.090; (4) the Section 1983 claims against Pierce County should be dismissed because plaintiff failed to plead any evidence of a policy or custom that would support imposition of liability upon Pierce County; (5) the cause of action against Judy Snow should be dismissed because plaintiff failed to plead any evidence of supervisory involvement that would support imposition of liability upon Ms. Snow; (6) the Fourteenth Amendment cause of action should be dismissed because the Fourth Amendment affords the protection that plaintiff alleges was violated; and (7) the cause of action for malicious prosecution should be dismissed because probable cause was found and the charges were dismissed because of concerns about plaintiff's mental health.  Dkt. 15, at 2-3.

On December 30, 2013, plaintiff filed a response, contending that there is a genuine issue of material fact as to whether Pierce County has been properly served, that plaintiff has good cause for an extension of time to properly serve, and that the complaint was timely filed because the statute of limitations was tolled until July 19, 2010 when plaintiff was released from involuntary commitment at Telecare.  Dkt. 24.  Alternatively, plaintiff requests a 30 day continuance pursuant to Fed.R.Civ.P. 56(d) to obtain evidence about whether the Pierce County Executive was personally served.  Dkt. 24, at 5.

1   On January 2, 2014, the Pierce County defendants filed a reply, arguing that plaintiff had
2   failed to serve any of the Pierce County defendants within 120 days of filing the complaint, as
3   required by Fed.R.Civ.P. 4(m); that plaintiff has not articulated good cause for his failure to
4   properly serve the Pierce County defendants; that plaintiff's request for an extension of 30 days to
5   conduct additional discovery should be denied because the federal rules to not authorize a party
6   opposing a motion under Fed.R.Civ.P. 12(b)(6) to delay resolution of the motion on grounds that
7   additional discovery is necessary; and that plaintiff's failure to respond to any of the substantive
8   claims raised in the Pierce County defendants' motion to dismiss should be considered a
9   concession that the claims have merit, warranting dismissal of the case against them.  Dkt. 26.
10  *Plaintiff's Response after Time Extended*
11  On January 21, 2014, plaintiff filed its supplemental response to Pierce County
12  Defendants' Motion for Dismissal Pursuant to FRCP 12(b)(5) and FRCP 12(b)(6).  Dkt. 35.
13  Plaintiff argued that a 30 day extension to properly serve the remaining defendants was
14  supported by good cause, that the three year statute of limitations had not run, that sufficient
15  facts were pled between the complaint and "the pleadings, findings, and judgment associated with
16  *Sandra Herrera, et al. v. Pierce County, et al.*, Case 3:95-cv-05025-RJB (1995)," and that the
17  plaintiff's Fourteenth Amendment claim is proper.  *Id.* at 5.  Plaintiff did not address issues raised
18  by Pierce County defendants regarding the lack of tort claim filed with Pierce County under
19  RCW 4.96.090, and regarding Judy Snow's personal participation.
20  In its reply on January 24, 2014, Pierce County defendants argued that plaintiff's failure to
21  timely serve combined with a lack of good cause should result in dismissal of the plaintiff's
22  action.  Dkt. 39.  In addition, the Pierce County defendants argued that the only request to waive
23  service was improper and that plaintiff's lack of response to other issues raised in Pierce County
24

Defendants' Motion for Dismissal Pursuant to FRCP 12(b)(5) and FRCP 12(b)(6) should be considered as concessions. *Id.*

DISCUSSION

**1. Service of Process**

On December 30, 2013, plaintiff filed a Certificate of Service, indicating service on "the office of the registered agent" of Judy Snow with a copy of the summons and complaint on November 15, 2013. Dkt. 20, at 6. The Certificate of Service also shows that service of "Police Officer Johnson" was given to Doris Sorum on November 15 [no year]. Dkt. 20, at 2. Service on Deputy Johnson was apparently attempted along with the City of Tacoma defendants. Plaintiff later filed a Certificate of Service on January 9, 2014, showing service upon Cindy Hartman, the Pierce County Deputy Auditor.

*Legal Standard*

Fed.R.Civ.P. 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. *See* Fed.R.Civ.P. 12(b)(5). A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4. *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

To determine whether service of process is proper, the court looks to the requirements of Fed.R.Civ.P. 4. Under Fed.R.Civ.P. 4(j)(2), a plaintiff must serve a local government body by delivering a copy of the summons and complaint to the local government's chief executive officer or by serving a copy of the summons and complaint in the manner prescribed by state law. Fed.R.Civ.P. 4(j)(2)(A) and (B). Under Washington law, proper service in a suit against a county is made by service upon the auditor. RCW 4.28.080(1).

Under Fed.R.Civ.P. 4(e), a plaintiff must serve an individual by following state law or by: (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent, by appointment or by law, to receive service of process. Under Washington law, proper service in a suit against an individual person is made on the defendant personally, or by leaving a copy of the summons at "the house of his or her usual abode" with some person of suitable age and discretion then resident therein. RCW 4.28.080(15).

If proper service under Fed.R.Civ.P. 4 is not accomplished within 120 days after the complaint is filed and the serving party cannot show good cause why such service was not made, the action must be dismissed. *See* Fed.R.Civ.P. 4(j); *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987). Further, the burden is on the plaintiff to establish the validity of service or to create an issue of fact requiring an evidentiary hearing. *See Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

However, if a plaintiff fails to properly serve defendants within 120 days and the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m); *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). In addition, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

The court can also extend plaintiff's time to serve by the exercise of discretion: if good cause is not established, the district court may extend time for service upon a showing of

excusable neglect. *In re Sheehan,* 253 F.3d 507, 512, 514 (9th Cir.2001). The court may consider factors like "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007). *See also United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.,* 366 F.3d 767, 773 (9th Cir. 2004).

*Analysis*

This case was filed on July 19, 2013. As of November 16, 2013, 120 days had passed since the case was filed and none of the Pierce County defendants had been properly served. The plaintiff did apparently serve Pierce County on January 8, 2014, but such service was not timely. Plaintiff requests a finding of good cause based on counsel's unsuccessful attempts to find the necessary addresses and Pierce County defendants' "refus[al] to waive service." Dkt. 35 at 3–4. Plaintiff did not provide the court with any description of the number or nature of attempts to collect the necessary information. In addition, plaintiff's e-mail request for waiver of service is insufficient. The e-mail states "Dear Ms. Burton, Can I send to you a Waiver of Service of Summons on behalf of Judy Snow in this lawsuit?" Dkt. 36 at 5. This e-mail does not satisfy the provisions of Fed.R.Civ.P. 4(d)(1), which controls request of waiver. The e-mail was not sent to Judy Snow individually, nor to a defendant subject to service under Fed.R.Civ.P. 4(h); did not reference the court in which the complaint was filed; was not accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; and did not inform the defendant of the consequences of waiving or not waiving service. Fed.R.Civ.P. 4(d)(1). Therefore, plaintiff has not met his burden to demonstrate good cause for failure to timely serve.

In the alternative, plaintiff requests a 30-day extension to properly serve the Pierce County defendants because: (1) dismissal would result in the statute of limitations barring the possibility of refilling; (2) defendants would not be prejudiced by service 90 days after the deadline; (3) Pierce

County defendants have actual notice of the lawsuit because counsel for Pierce County appeared on each Pierce County defendant's behalf; and (4) only individual defendants have not been served.

It is true that dismissal may result in the statute of limitations barring the possibility of refiling this case. However, defendants would be prejudiced by delayed service because the statute of limitations would have run before such service was made. Plaintiff's only excuse for failing to serve was that he "attempted," but was unsuccessful for unknown reasons. Plaintiff does not provide a number of times or list the dates upon which he attempted service. In addition, plaintiff does not describe what he did to attempt service.

The Pierce County individual defendants may have had actual notice, but there is no showing in fact that there was actual notice. The appearance of counsel does not weigh in favor of a discretionary extension. Counsel appeared for Pierce County and Judy Snow on November 5, 2013 and for Deputy Johnson on November 22, 2013, but such appearance preserved waiver of any defense, specifically including any issues with service. Dkt. 6, 7. In addition, plaintiff's argument that "only" individual defendants remain unserved is not persuasive. The service requirement applies equally to local governments and individuals. *See* Fed.R.Civ.P. 4. Pierce County's eventual service does not affect the lack of timely service for all Pierce County defendants.

The plaintiff has not met his burden to show excusable neglect which would justify the discretional extension of the service deadline. Although this may result in a statute of limitations bar to the plaintiff's cause of action, such harsh consequences follow from the law and the facts presented to the court.

**2. Other Arguments Raised**

In their motion to dismiss, the Pierce County defendants raise many other issues. The court need not address these other arguments in light of granting the motion to dismiss on the grounds of untimely service.

ORDER ON PIERCE COUNTY DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)- 8

Accordingly, it is hereby **ORDERED** that:

1. Pierce County Defendants' Motion for Dismissal Pursuant to FRCP12(b)(5) and FRCP12(b)(6) is **GRANTED**; and

2. This case **IS DISMISSED** as to the following defendants: Pierce County, Judy Snow, and Officer Johnson only.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of January, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON PIERCE COUNTY DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO FRCP
12(B)(5) AND FRCP 12(B)(6)- 9